UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| MARY S. HAGEDORN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-CV-450 ) |
| WAL-MART STORES EAST, L.P., | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for a New Trial [doc. 74], Plaintiff's Brief in Support of the Motion [doc. 75], and Defendant's Response [doc. 76]. For the reasons herein, the Court will deny Plaintiff's motion.

### I. BACKGROUND

The Court conducted a two-day trial in this negligence case, which involved an incident that occurred in Defendant Wal-Mart Stores East L.P.'s store on Gunbarrel Road in Chattanooga. During trial, Plaintiff Mary S. Hagedorn maintained that, while shopping in this store, one of Wal-Mart's employees negligently injured her when he collided into her with "a large cart used for stocking merchandise." [Pretrial Order, doc. 49, at 1–2]. As part of her theory, she claimed that the cart was overly stacked with boxes, which blocked the employee's view because he was pushing it rather than pulling it. [*Id.* at 2]. Wal-Mart, however, raised comparative negligence as a defense, arguing that Ms. Hagedorn backed into the cart. [*Id.*].

Without objection from Ms. Hagedorn, the Court, at the close of the evidence, instructed the jury on comparative negligence under Tennessee law. The jury ultimately returned a verdict in which it allotted fifty percent of the fault to Ms. Hagedorn and fifty percent of the fault to Wal-Mart, precluding Ms. Hagedorn from recovering any damages under Tennessee law. [Verdict Form, doc. 69, at 1–2]. She now petitions the Court for a new trial under Federal Rule of Civil Procedure 59.

## II. LEGAL STANDARD

Under Rule 59, the Court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). In this circuit, courts interpret this language to mean that a new trial is improper unless a jury reached a result that is "seriously erroneous," "as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some way, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996) (citations omitted). A decision to grant or deny a motion for a new trial "is discretionary with the district court." *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132–33 (6th Cir. 1990) (citations omitted); *see L-S Indus. v. Matlack*, 2010 WL 2696202, No. 3:07-CV-273, at *1 (E.D. Tenn. July 6, 2010) (noting that a district court has "broad discretion" when deciding the propriety of a new trial under Rule 59 (citations omitted)).

## III. ANALYSIS

Ms. Hagedorn contends that a new trial is necessary because the "verdict is against the clear weight of the evidence." [Pl.'s Mot. at 1]. She claims the trial lacked "credible proof" from which the jury could have allocated fifty percent of the fault to her. [*Id.*]. In her opinion, the "only evidence in the trial that could cast any fault on [her] was the testimony of Christian Morgan," [Pl.'s Br. at 1], who was a former assistant manager at the store on Gunbarrel Road, [Trial Tr. (on file with the Court)]. Mr. Morgan testified that he remembered an incident involving a "code white" at the store and that this terminology means "a customer or an associate [was] injured." [*Id.*]. According to his recollection of the incident, an employee was "pulling a rocket cart" and a customer backed into it and hurt her ankle. [*Id.*]. Ms. Hagedorn argues that Mr. Morgan "was obviously remembering the wrong accident." [Pl.'s Mot. at 1]. To support this argument, she first points out that the Accident Report [Pl.'s Ex. 27] for her specific incident identifies her elbow, and not her ankle, as the injured part of her body. [*Id.* at 1]. She also notes that the video footage that captured her movements in the store reveals that an employee was pushing and not pulling a cart in her direction. [Video, Def.'s Ex. 1].

Mr. Morgan, however, also testified that the code-white incident he described was the only code-white incident that occurred while he was assistant manager. [Trial Tr.]. And more specifically, he testified that it was the only incident involving a cart-related injury to a customer, and he identified the customer as a woman. [*Id.*]. In addition, he stated that he approached the customer after the incident took place and asked her if she wanted him to call an ambulance. [*Id.*]. Her response was no. [*Id.*]. Ms. Hagedorn's testimony was a

3

near facsimile of Mr. Morgan's rendition of events. Ms. Hagedorn testified that after her incident, the assistant manager—whom she even identified as Mr. Morgan—approached her and offered to call an ambulance for her, but she told him that an ambulance was not necessary. [*Id.*]. Mr. Morgan then completed her Accident Report. [*Id.*; Pl.'s Ex. 27]. And importantly, the code-white incident that Mr. Morgan recounted during his testimony took place on the same date as Ms. Hagedorn's incident—October 24, 2015. [Trial Tr.]. Lastly, regarding the video footage—which shows an employee pushing and not pulling a cart toward Ms. Hagedorn—Ms. Hagedorn testified that this footage was not of the accident itself but of the moments after the accident. [*Id.*]. Throughout trial, she strenuously and repeatedly informed the Court that Wal-Mart had never produced a video of the accident itself—that is, her collision with the cart and the toppling of the boxes on top of her.

Having heard all this evidence at trial, the jury could have reasonably determined that the code-white incident that Mr. Morgan described during his testimony was the identical incident involving Ms. Hagedorn. *See Armisted v. State Farm Mut. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012) (stating that courts will uphold a verdict "if it was one which the jury reasonably could have reached" (citation omitted)). The Court lacks license to reweigh this evidence or to draw a conclusion that differs from the jury's conclusion, even if it believes another outcome would have been more reasonable. *Waldo v. Consumers Energy Co.,* 726 F.3d 802, 813 (6th Cir. 2013). Simply, when a party argues that a verdict is against the weight of the evidence, "a new trial on this ground is a rare occurrence," and the jury's verdict in this case—resting on evidentiary support—does not warrant this rare remedy. *Armisted*, 675 F.3d at 995 (citation omitted).

4

## IV. Conclusion

Under Rule 59, Ms. Hagedorn fails to establish that the jury's verdict is counter to the weight of the evidence at trial. Ms. Hagedorn's Motion for a New Trial [doc. 74] is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge